**U.S. SILICA COMPANY, Petitioner,**

v.

**ESTATE OF Donald TOMPKINS, Ruby L. Tompkins, Dawn Maldonado, and Sherry Lopez, Respondents.**

No. 03–0195.

Supreme Court of Texas.

Jan. 21, 2005.

Manuel Lopez, Shook, Hardy & Bacon L.L.P., Houston, for Amicus Curiae.

Jeffery T. Nobles, Jack E. Urquhart and Allyson L. Mihalick, Beirne, Maynard & Parsons, L.L.P., Houston, for Petitioner.

Guy G. Fisher, Provost & Umphrey Law Firm, L.L.P., Beaumont, Sharon S. McCally, Joann Storey, Daryl L. Moore, Storey, Moore & McCally, P.C., and Lance H. Lubel, Robins Cloud Greenwood & Lubel, L.L.P., Houston, for Respondents.

PER CURIAM.

Donald Tompkins sued U.S. Silica Co., alleging that he contracted silicosis from using its flint products in abrasive blasting. After a mistrial, Tompkins died of emphysema, and his beneficiaries took

over the prosecution of wrongful death[1] and survival[2] actions. Following a second trial, the trial court rendered judgment on a verdict for the plaintiffs, and the court of appeals affirmed.[3]

■ U.S. Silica argues that it had no duty to warn Tompkins or his employers of the dangers associated with using flint in abrasive blasting. We recently addressed these same arguments in *Humble Sand & Gravel, Inc. v. Gomez.*[4] We concluded that

> by the 1980s, the dangers of using flint in abrasive blasting had been well known throughout the abrasive blasting industry as well as to health and safety professionals and government regulators for most of the twentieth century, but that blasting workers themselves remained largely ignorant of those dangers, and their employers were careless in enforcing workplace conditions that would protect workers' safety.[5]

We held that whether a flint supplier owed a duty to warn its customers' employees of the dangers of using its product in abrasive blasting depended on whether such warnings could effectively reach the employees, and we remanded the case to the trial court for a determination of that issue.[6] For the same reasons explained at length in *Humble Sand,* we remand this case to the trial court to determine the duty issue in accordance with our opinion in that case. In addition, the trial court should consider whether and how the analysis is affected by the fact that Tompkins began abrasive blasting work in the late 1960s, several years earlier than the employee in *Humble Sand.*

U.S. Silica also argues that there is no evidence that Tompkins ever had any significant exposure to its products, or that Tompkins would have heeded an adequate warning had one been given. While the evidence on both counts is slight, we conclude that there was some evidence to support a verdict.

■ Finally, U.S. Silica argues that the trial court erred in excluding evidence regarding a Tompkins' CT scan performed shortly before the first trial and later lost. The court of appeals held that exclusion of the evidence was error but harmless.[7] For the reasons explained by the court of appeals, we agree that exclusion was error.

Accordingly, we grant U.S. Silica's petition for review and, without hearing oral argument,[8] reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Justice GREEN did not participate in the decision.

---

1. Tex. Civ. Prac. & Rem.Code ' 71.002.

2. *Id.* ' 71.021.

3. 92 S.W.3d 605 (Tex.App.Beaumont 2002).

4. 146 S.W.3d 170 (Tex.2004).

5. *Id.* at 173.

6. *Id.* at 194–195.

7. 92 S.W.3d at 612–613.

8. Tex.R.App. P. 59.1.